# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0501V

| | |
|---|---|
| KAREN BAIRD,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 10, 2026 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Karen Baird filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine she received on October 11, 2018. Petition at 1. On October 23, 2023, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 29.  On November 19, 2025,  I issued a decision awarding damages to Petitioner following briefing by the parties. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,075.85 (representing $30,164.10 for fees and $1,911.75 for costs). Petitioner's Application for Fees and Costs filed December 30, 2025, ECF No. 54. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 54 at 2.

Respondent reacted to the motion on January 13, 2026, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 55. Petitioner filed no reply thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and will therefore be awarded herein.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing on damages to be excessive – although not as egregiously so. *See* Petitioner's Brief in Support of Damages, filed July 15, 2024, ECF No. 44; Petitioner's Reply to Respondent's Response to Brief in Support of Damages, filed Sept. 18, 2024, ECF No. 48. Petitioner's counsel expended approximately 15.8 hours drafting the damages brief and 10.1 hours drafting the reply, totaling 25.9[3] hours. ECF No. 54 at 17-18.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 54 at 13 and 16. Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 11 (entries dated 10/17/2022, 11/9/2022, 11/10/2022).

It is unreasonable for counsel to spend so much time briefing the matter of damages in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task more efficiently.[5]

---

[3] This total is calculated as follows: 25.9 hours billed on 7/15/2024 (16 entries) and 9/18/2024 (14 entries) by attorney Leigh Finfer at a rate of $300.00.  ECF No. 54 at 17-18

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See, e.g, Wilcox v. Sec'y of Health & Hum. Servs.,* No. 21-1421V (Nov. 24, 2025) (12.0 and 7.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *McClelland v. Sec'y of Health & Hum. Servs.,* No. 24-0605V (June 24, 2025) (9.7 and 5.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Goatee v. Sec'y of Health & Hum. Servs.,* No. 22-0827V (June 18, 2025) (7.6 and 3.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Blanco v. Sec'y of Health & Hum. Servs.*, No. 22-0559V (June 16, 2025) (8.5 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cohen v. Sec'y of Health & Hum. Servs.,* No. 23-1060V (June 11, 2025) (4.2 and 8.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Wirges v. Sec'y of Health & Hum. Servs.,* No. 19-1670V (Dec. 27, 2024) (16.8 and 7.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stolze v. Sec'y of*

Of course, having prevailed in this case, a fees award is generally appropriate (ECF No. 49). But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (a total of 25.9 hours, or $7,770.00) by *ten* percent.[6] Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shade accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $777.00.**[8]

---

*Health & Hum. Servs.*, No. 21-0964V (Nov. 22, 2024) (11.8 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Davidson v. Sec'y of Health & Hum. Servs.*, No. 20-1617V (Nov. 22, 2024) (14.9 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.*, No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.,* No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stokes v. Sec'y of Health & Hum. Servs.,* No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.,* No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.,* No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.*, No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc.

[6] Because the amount of excessive hours was not as egregious as in other cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Havis v. Sec'y of Health & Hum. Servs.,* No. 21-0583V, 2025 WL 2538903 (Fed. Cl. Spec. Mstr. July 31, 2025) (applying a 30 percent reduction).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (25.9 hrs. x $300.00 x .10) = $777.00.

4

**ATTORNEY COSTS**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 54 at 22-37. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$31,298.85 (representing $29,387.10 for fees and $1,911.75 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.